IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOE WOMACK,                                                                              PLAINTIFF

V.                                              CIVIL ACTION NO.:  3:14cv184-NBB-DAS

WARDEN TIMOTHY OUTLAW,                                                      DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Joe Womack, Mississippi inmate number 59318, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Timothy Outlaw, the warden at the Marshall County Correctional Facility. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

**Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

**Plaintiff's Allegations and Requested Relief**

Plaintiff's complaints in this action revolve around a Rule Violation Report ("RVR") issued against him on May 31, 2014, at the Marshall County Correctional Facility. On that date,

Plaintiff received an RVR for possession of major contraband, namely, a cellular phone and charger. He maintains that he was found guilty of the RVR without a proper investigation, in violation of policy and procedure, and after being denied the opportunity to present witnesses in his defense. He further alleges that Warden Outlaw, without proper investigation, denied his grievance about the matter. Plaintiff has attached to his complaint what he alleges are the statements of the witnesses he wished to present at the disciplinary hearing associated with his RVR[1], and Warden Outlaw's response to Plaintiff's grievance concerning the RVR. Based on these alleged infirmities, Plaintiff asks the Court to remove the RVR from his file and restore his "lost time."

## Discussion

Accepting Plaintiff's allegations as true, the Court nonetheless determines that the instant complaint must be dismissed, as Plaintiff's claim is barred. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82; *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that no cause of action exists under § 1983 when judgment for the plaintiff would "necessarily imply" that his conviction or sentence was invalid, unless it had been reversed, expunged, declared invalid). Here, Plaintiff asks the Court to remove the RVR from

---

[1] The Court notes that both statements appear to be written in the same handwriting as the Plaintiff's complaint. (*See* ECF No.1, 6-7). Despite this observation, the Court does not attempt to assess the credibility or authenticity of the statements.

his institutional file and restore his time credits. The restoration of good time, if granted, would result in Plaintiff's accelerated release. Plaintiff must, therefore, demonstrate that his conviction or sentence has been invalidated before he may proceed with his claims under § 1983. He has not demonstrated that his "conviction" on the RVR has been invalidated. As such, § 1983 is not the proper vehicle to pursue his requests. *See Wilkinson*, 544 U.S. at 78; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (habeas is exclusive remedy for restoration of good time credits); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (holding inmate cannot recover good-time credits lost in a disciplinary proceeding in a § 1983 action). Therefore, Plaintiff is not entitled to relief under § 1983.

## Conclusion

For the reasons set forth above, Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) until such a time that Plaintiff can show that his RVR "conviction" has been invalidated or reversed. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims properly dismissed with prejudice "until the *Heck* conditions are met"). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED** this the 16th day of October, 2014.

       /s/ Neal Biggers
      **NEAL B. BIGGERS, JR.**
      **UNITED STATES DISTRICT JUDGE**